Opinion issued December
2, 2010

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 


 
 

 
 



NO. 01-10-00253-CR

____________

 








ALEXANDER OCHOA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 


 
 

 
 
 

On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 1209103

 


 
 

 
 
 



MEMORANDUM OPINION








Appellant Alexander Ochoa pleaded
guilty to the offense of aggravated assault on a peace officer and pleaded
“true” to two felony enhancements, without an agreed recommendation from the
State regarding punishment. See Tex.
Penal Code Ann. § 22.02 (Vernon Supp. 2010).  The trial court found appellant guilty, found
the enhancements true, entered an affirmative deadly weapon finding, and assessed
punishment at 25 years in prison.  Appellant’s
counsel on appeal has filed a motion to withdraw, along with an Anders brief stating that the record
presents no reversible error and therefore the appeal is without merit and is
frivolous.  See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We grant counsel’s motion to withdraw and affirm.

An attorney has an ethical obligation
to refuse to prosecute a frivolous appeal.  In re Schulman,
252 S.W.3d 403, 407 (Tex. Crim. App. 2008). 
If an appointed attorney finds a case to be wholly frivolous, his
obligation to his client is to seek leave to withdraw.  Id.  Counsel’s obligation to the appellate court
is to assure it, through an Anders
brief, that, after a complete review of the record, the request to withdraw is
well-founded. Id.

We may not grant the motion to
withdraw until:

(1)     the
attorney has sent a copy of his Anders
brief to his client along with a letter explaining that the defendant has the
right to file a pro se brief within 30 days, and he has ensured that his client
has, at some point, been informed of his right to file a pro se petition for
discretionary review; 

(2)     the
attorney has informed us that he has performed the above duties; 

(3)     the
defendant has had time in which to file a pro se response; and

(4)     we
have reviewed the record, the Anders brief,
and any pro se brief.

 

See id. at
408–09. 
If we agree that the appeal is wholly frivolous, we will grant the
attorney’s motion to withdraw and affirm the trial court’s judgment. See Garner v. State, 300 S.W.3d 763, 766
(Tex. Crim. App. 2009).  If we conclude that there is a plausible
basis for appeal, we will grant the motion to withdraw, abate the case, and
remand it to the trial court to appoint new counsel to file a brief on the merits.  See Schulman,
252 S.W.3d at 409.

Here, counsel’s brief reflects that
he delivered a copy of the brief to appellant and informed him of his right to examine
the appellate record and to file a response. 
See id. at 408.  More than 30 days have passed, and appellant
has not filed a pro se brief.  See id. at 409 n.23 (adopting 30-day period
for response).  

          Counsel’s
brief meets the Anders requirements
by presenting a professional evaluation of the record. See Anders, 386 U.S. at 744, 87 S. Ct. at 1400.  Counsel discusses the evidence, supplies us
with references to the record, and provides us with citation to legal
authorities. See High v. State, 573
S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel
indicates that he has thoroughly reviewed the record and that he is unable to
advance any grounds of error that warrant reversal.  See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Mitchell v. State, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st
Dist.] 2006, no pet.).  

We have independently reviewed the entire
record, and we conclude that no reversible error exists in the record, that
there are no arguable grounds for review, and that therefore the appeal is frivolous.
See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400; Garner, 300 S.W.3d at 767 (explaining
that frivolity is determined by considering whether there are “arguable
grounds” for review); Bledsoe v. State,
178 S.W.3d 824, 826 n.4 (Tex. Crim. App. 2005) (notifying that reviewing court—and
not counsel—determines, after full examination of proceedings, whether appeal is
wholly frivolous); Mitchell, 193
S.W.3d at 155.  Although we may issue an
opinion explaining why the appeal lacks arguable merit, we are not required to
do so. See Garner, 300 S.W.3d at 767;
Bledsoe, 178 S.W.3d at 827.  An appellant may challenge a holding that
there are no arguable grounds for appeal by filing a petition for discretionary
review in the Court of Criminal Appeals. See
Bledsoe, 178 S.W.3d at 827 & n.6.

We grant counsel’s motion to withdraw* and affirm the trial court’s
judgment.  Attorney Brian M. Middleton must
immediately send the notice required by Texas Rule of Appellate Procedure
6.5(c) and file a copy of that notice with the Clerk of this Court.  See
Tex. R. App. P. 6.5(c).

PER CURIAM

 

Panel consists of Chief Justice Radack and Justices
Bland and Massengale.

 

Do not publish. 
Tex. R. App. P. 47.2(b).

 

 

 

 

 











*             Appointed counsel still has a duty to inform appellant
of the result of this appeal and that he may, on his own, pursue discretionary
review in the Texas Court of Criminal Appeals. See Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).